IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

BONNIDE JOHNSON,

    Petitioner,

v.

WARDEN CHARLIE JONES and
THE ATTORNEY GENERAL FOR
THE STATE OF ALABAMA,

    Respondents.

CIVIL ACTION NO. 02-LSC-RRA-0745-M

## MEMORANDUM OPINION

The magistrate judge has entered a report and recommendation, recommending that the petition be dismissed because it is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996.

The petitioner has submitted objections to the report and recommendation. In his objections, the petitioner claims that the statute of limitations should not have started to run until "the date on which impediment by state action [was] removed." Johnson alleges that he encountered a "monumental amount of state impediment,"

> beginning with the fact of the inadequacy of the law library of the prison, to the fact that his appellate counsel had refused to provide him with his trial transcript so that he could file his state post conviction petition and exhaust remedies before applying for federal habeas corpus to the fact that after he did file his state post conviction petition it was several years before he received notification by the state trial court of its final disposition.

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Johnson claims that pursuant to § 2244(d)(1)(B), the limitations period did not begin to run until the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States was removed. Johnson lists several "impediments" that he claims prevented him from filing his habeas petition in a timely fashion. However, he does not suggest a date that any of these "impediments" was removed.

Johnson first argues that the inadequacy of the law library of the prison law library prevented him from filing his petition in a timely fashion. In support of this argument, Johnson states that:

> Petitioner points out that he was confined in maximum custody in the segregation units of Alabama prison system from the time of the incident in 1994 with the correctional officer that precipitated the charge of attempt[ed] murder for which he was convicted in September-October 1995, throughout the appeal and issuance of certificate of judgment in May 1997; and as such was without direct access to the prison law libraries. And when the antiterrorist amendment to 2244 was enacted in April 1996, a full year had elapsed before petitioner was apprised of it) ( - - - and then by accident he encountered a pamphlet issued by Attorney Susan James in May 1997 discussing the expiration of the 1-year grace period.). The prison library at the Kilby Correctional Facility where petitioner was confined at the time had no information on the matter. And when petitioner was later transferred to the Holman segregation unit in September 1997, his request for information to that prison's law library went unanswered, and the clerks who delivered books were not permitted to give counsel, and nor was any person "trained in the law," as required by the

>   [Supreme] Court in *Bounds v. Smith*, 430 U.S. 817, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (1977).

Johnson's conviction did not become final until August 28, 1997. Therefore, the fact that he was in maximum custody without direct access to a law library prior to August 28, 1997, cannot be used to toll the statute of limitations, since it had not yet begun to run. Johnson admits that he learned of the existence of the statute of limitations in May, 1997, several months before his conviction became final. Johnson states that he was transferred to Holman Prison in September, 1997, just one month after the one-year limitations period began to run. Although he claims that his request for information went unanswered, that the clerks who delivered books were not permitted to give counsel, and that there was no one trained in the law, he has made no claim that he was not provided with the books he requested. Furthermore, there is nothing to indicate that legal materials were even necessary to enable him to file his federal petition. The claims raised by Johnson in this petition were claims that he should have been aware of by his participation in the trial at which he represented himself. Because the facts in this case do not show that lack of access to a law library impeded pursuit of Johnson's claims in this court, it cannot be used to justify statutory tolling under 28 U.S.C. § 2244(d)(1)(B).

Johnson next claims that he is entitled to statutory tolling because appellate counsel had refused to provide him with his trial transcript so that he could file his state post-conviction petition and exhaust remedies before applying for federal habeas corpus. The actions of Johnson's attorney, while certainly frustrating to Johnson, do not amount to state action. Therefore, his attorney's failure to provide him with a copy of his trial transcript cannot be used to justify statutory tolling under 28 U.S.C. § 2244(d)(1)(B).

Finally, Johnson claims that the limitations period should be tolled because after he filed his state post conviction petition, it was several years before he received notification by the state trial court of its final disposition. To have been timely filed, Johnson's petition had to be filed in this court by August 27, 1998. His Rule 32 petition was not filed until February 11, 1999, over six months after the limitations period expired. Thus, the limitations period had already expired and could not have been tolled by anything relating to the Rule 32 petition.

Having considered the entire file in this action, together with the Magistrate Judge's Report and Recommendation, and the objections of the petitioner, the court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, this petition for writ of habeas corpus is due to be dismissed. An appropriate order will be entered.

Done this  1st  day of February 2005.

                                              L. SCOTT COOGLER
                                   UNITED STATES DISTRICT JUDGE